# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of SUSTAINABLE MODULAR MANAGEMENT, INC.,<br><br>  Plaintiff(s),<br><br>v.<br><br>JE DUNN CONSTRUCTION, et al.,<br><br>  Defendant(s). | Case No. 2:20-cv-00790-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 93] |

The Ninth Circuit has repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has made clear that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Leaving no ambiguity, the Ninth Circuit explains that:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citation omitted).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.[1] The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. The required showing of diligence is measured by the conduct displayed

---

[1] The prior extension request was filed on the eve of the subject deadline and was denied without prejudice, *see* Docket No. 92, so the Court will give the parties the benefit of the prior filing date in this instance.

throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). "When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, ___ F. Supp. 3d ____, 2022 WL 4181415, at *3 (D. Nev. Sept. 13, 2022).

This case is extraordinary. The parties have had years to complete discovery. Despite numerous warnings, the parties are on their eighth extension request. Docket No. 93. Difficulties in scheduling depositions are blamed as the primary culprit <u>despite the parties raising that issue previously, having months and months to get depositions scheduled, and being warned that discovery needs to wrap up because "**NO FURTHER EXTENSIONS WILL BE GRANTED.**"</u> *See, e.g.*, Docket No. 90 at 4-5 (seeking an extension to accommodate "[s]cheduling conflicts arising from holiday travel and witness schedules") (emphasis in original). Nonetheless, counsel have continued with a lackadaisical approach to deadlines and provided less than persuasive reasoning in continuing to fail to get discovery done. Docket No. 93.[2]

---

[2] Beyond being largely unpersuasive, the shifting and inconsistent reasoning is troubling. As an example, the Court has already made clear that a desire to settle or attend mediation is not good cause to extend case management deadlines. Docket No. 93 at 3. The current stipulation reassures that settlement "communications did not impact deposition scheduling." Docket No. 94 at 10. Just a few lines later, however, the stipulation reveals that the parties canceled a Rule 30(b)(6) deposition because the deponent was not prepared "based on his understanding about mediation." *Id.*

The Court is also troubled by the "ask for forgiveness rather than permission" approach that pervades this case. To repeat, the Court warned <u>four months ago</u> that discovery needed to be wrapped up and that further extensions would not be contemplated. Docket No. 90 at 5. Nonetheless, the parties delayed their discovery obligations on the assumption that the Court would later forgive the failure to comply with deadlines that were firmly established. *See, e.g.*, Docket No. 94 at 10-11. Making matters worse, counsel delayed seeking relief from the Court until the last minute despite knowing full well of the desire for an extension much earlier. *See, e.g., id.* at 11-12 ("counsel acknowledges that they knew about the need for a continuance some time before moving the Court for more time"). Such tactic effectively leaves the Court with two undesirable choices: (1) allow an extension that is not warranted under the governing standards or (2) move this case on to summary judgment and/or trial without discovery being complete.

The Court hereby **ADMONISHES** the parties and counsel of record for failing to take seriously the deadlines set in this case.  The parties and counsel should expect that any further shortcomings in this area will result in more significant consequences.  *See, e.g.*, Fed. R. Civ. P. 16(f) (addressing sanctions for failing to obey a scheduling order).  In a <u>final</u> effort for this case to be decided on its merits, the Court will allow the extensions being requested subject to several caveats.  First, leniency will not be provided again.  To the extent the parties fail to obtain the discovery they need for the case to be decided on its merits, that will not be grounds for a further extension.  *Cf. Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided on their merits *whenever reasonably possible*" (emphasis added)).  If the parties continue to fail to live up to their discovery obligations and the case must advance to the merits phase without necessary discovery, so be it as that will be the result of the failures of the parties and counsel.  Second, counsel must immediately set firm dates for all remaining depositions.  In an effort to facilitate that scheduling, the Court orders that depositions may take place after hours, on weekends, and on holidays if other dates and times cannot be secured such that discovery is completed by the cutoff set herein.[3]  A schedule with all remaining deposition dates must be filed in a stipulation by April 7, 2023.  The dates set therein cannot be modified by agreement of the parties without obtaining the Court's approval.  Third, responses to any remaining written discovery must be provided within 14 days, not 30 days.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A).[4]  These expedited deadlines cannot be modified by agreement of the parties without obtaining the Court's approval.

Subject to the caveats above, the stipulation for extension is **GRANTED**.  Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Initial experts:  closed

---

[3] Conflicts with business obligations (of deponents, parties, or counsel) or with other litigation matters in proceedings filed after May 1, 2020, will not justify delaying any deposition in this case.

[4] It does not appear that further written discovery is currently contemplated, but these expedited dates apply to any written discovery that arises.

- Rebuttal experts: closed
- Discovery cutoff: May 31, 2023
- Dispositive motions: June 30, 2023
- Joint proposed pretrial order: July 31, 2023, or 30 days after resolution of dispositive motions

**<u>NO FURTHER EXTENSIONS WILL BE GRANTED.</u>**

IT IS SO ORDERED.

Dated: March 31, 2023

 _____
Nancy J. Koppe
United States Magistrate Judge